# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**BING QING LAN,**

    **Plaintiff,**

v.

    Case No.: 2:19-cv-2246
    **JUDGE GEORGE C. SMITH**
    **Magistrate Judge Jolson**

**KEVIN K. MCALEENAN,**
**Acting Secretary, United States**
**Department of Homeland Security,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court upon Defendants Kevin K. McAleenan, Acting Secretary, United States Department of Homeland Security ("DHS") and William Barr, Attorney General, United States Department of Justice ("DOJ")'s Motion to Dismiss for Lack of Jurisdiction. (Doc. 13). Plaintiff has not filed a response. This matter is ripe for review. For the following reasons, Defendants' Motion to Dismiss is **GRANTED.**

### I. BACKGROUND

On June 5, 2019, Plaintiff, acting *pro se*, initiated this case seeking a writ of mandamus to issue a decision on his pending I-730 Refugee/Asylee Relative petition. (Doc. 3). Plaintiff Bing Qing Lan is the I-730 petitioner, and Xiao Lin Zheng is the beneficiary of that petition. (*Id*.). After the filing of this case, Defendants sought extensions to allow Plaintiff time to provide the necessary information.

By letter dated October 15, 2019, Defendant DHS notified Plaintiff of its intent to deny ("NOID") his petition, providing him thirty days to submit proof that he had never been arrested, cited, charged, indicted, convicted or imprisoned in the United States. On or about November 7, 2019, Defendant DHS received Plaintiff's response to the NOID. On January 9, 2020, Plaintiff Bing Qing Lan's I-730 Refugee/Asylee Relative petition was adjudicated and "approved." (*See* Department of Homeland Security, U.S. Citizenship and Immigration Services, Form I-797C, Notice of Action," attached to Defs.' Mot. to Dismiss at Ex. A). This "Approval Notice" was conveyed both to legal counsel through whom Plaintiff filed his I-730 Refugee/Asylee Relative petition, as well as transmitted directly to Plaintiff at the residential address shared by him with Defendant DHS on September 6, 2019. (*Id.*; *see also* Docs. 6, 7). Because of this adjudication, Defendants assert that Plaintiff, Mr. Lan, has no further case or controversy before this Court. Therefore, his complaint for a writ of mandamus to issue a decision on his I-730 petition is moot and ripe for dismissal.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject-matter jurisdiction. Without subject-matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. Southwest Detroit Hosp.,* 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject-matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "questions merely the sufficiency of the pleading," and the trial court therefore takes the allegations of the complaint as true. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017) (quoting *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990)). To survive a facial attack, the complaint must contain a short and plain

statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016).

A factual attack is a challenge to the factual existence of subject-matter jurisdiction. No presumptive truthfulness applies to the factual allegations. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015). When examining a factual attack under Rule 12(b)(1), "the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015) (quoting *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012)). The plaintiff has the burden of establishing jurisdiction in order to survive the motion to dismiss. *DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir. 2004); *Moir v. Greater Cleveland Regional Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990).

### III.   DISCUSSION

Defendants argue that Plaintiff's complaint in mandamus is now moot because the decision which Plaintiff sought to compel was rendered during the pendency of this action. Plaintiff has not responded.

Pursuant to Article III of the United States Constitution, federal courts may adjudicate only "actual, ongoing cases or controversies." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). The existence of a live controversy at all stages of litigation, not merely when the complaint is filed, is necessary for a federal court to exercise its power. *Steffel v. Thompson*, 415 U.S. 452, 459 (1974). Consequently, federal courts lack jurisdiction to consider a case when it has "'lost its character as a present, live controversy' and thereby becomes moot." *Demis v. Sniezek*, 558 F.3d 508 (6th Cir 2009).

Here, Defendants argue, and the Court agrees, that Plaintiff's request for mandamus relief is now moot because the decision he sought to compel on his pending I-730 Refugee/Asylee Relative petition was adjudicated and approved. Accordingly, this Court lacks jurisdiction under Article III of the Constitution to decide Plaintiff's claim.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for Lack of Jurisdiction is **GRANTED**.

The Clerk shall remove Document 13 from the Court's pending motions list and close this case.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**